KM

WO

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jacob Luis Castro,
Plaintiff,
v.
Christopher Price, et al.,
Defendants.

No. CV-26-03412-PHX-JAT (MTM)

**ORDER**

Self-represented Plaintiff Jacob Luis Castro, who is confined in a Maricopa County Jail, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed In Forma Pauperis (Doc. 2). The Court will dismiss this action.

## I. Application to Proceed In Forma Pauperis and Filing Fee

The Court will grant Plaintiff's Application to Proceed In Forma Pauperis. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $60.10. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income credited to Plaintiff's trust account each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28

U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe [self-represented litigant's] filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a self-represented prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a self-represented litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en

banc). Plaintiff's Complaint will be dismissed for failure to state a claim, without leave to amend because the defects cannot be corrected.

## III. Complaint

Plaintiff names Mesa Police Officers Christopher Price and Tanner Lacoix as Defendants in his two-count Complaint. In his Request for Relief, Plaintiff states, "I would ask the state to please either reduce the charges or im[m]unity or for 750,000."

In Count One, Plaintiff alleges Defendant Price pulled him over on May 25, 2025. Plaintiff was under the influence of narcotics at the time and informed Defendant Price that he should be searched because he "had a firearm in [his] briefs." Plaintiff claims Defendant Price laughed and "continued to neglect [Plaintiff's] words and patted [him] down." Later when Plaintiff was in custody, he was charged with promoting prison contraband "when [Price] failed to d[o] a proper search."

Plaintiff further alleges Defendant Lacoix pulled him over on December 5, 2024, and also "neglected to search [Plaintiff] properly" even though Plaintiff told him he "may not or may have drugs on [him]." Plaintiff asserts Lacoix "patted [him] down and sent [him] to Mesa precinct." Plaintiff alleges both officers "showed negligence for search procedures" and he was consequently sent to "D.O.C. for a prison term."

In Count Two, Plaintiff claims Defendants discriminated against him by failing to listen to him when he informed them that he had "illegal items on [him]." Plaintiff feels that in both instances, he "was targeted due to [his] tattoos and [his] past especially [his] ethnicity." Plaintiff states he never intended to bring contraband into any facility.

## IV. Failure to State a Claim

### A. Reduction in Sentence

Habeas proceedings, rather than civil rights actions, are the proper mechanism for an individual seeking to challenge the legality or duration of his confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991). A habeas corpus action pursuant to 28 U.S.C. § 2254 is the appropriate remedy for "a person in custody pursuant to the judgment of a State court" alleging he is "in custody in violation

of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Plaintiff is challenging the legality of his convictions and sentences. Thus, the Court will dismiss this action without prejudice so Plaintiff can pursue habeas corpus relief.[1]

**B. Monetary Damages**

Monetary damages are also unavailable to Plaintiff. A prisoner's claim for damages cannot be brought under 42 U.S.C. § 1983 if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," unless the prisoner demonstrates that the conviction or sentence has previously been reversed, expunged, or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Plaintiff's claims that he was wrongfully charged with promotion of prison contraband due to the arresting officers' negligence and/or discrimination implies the invalidity of his convictions, and is therefore barred by *Heck*. *See Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) ("Wrongful arrest, malicious prosecution, and a conspiracy among . . . officials to bring false charges against [plaintiff]" were barred by *Heck*); *Cabrera v. City of Huntington Park*, 159 F.3d 374, 380 (9th Cir. 1998) (*Heck* barred plaintiff's civil rights claims for false arrest and false imprisonment until conviction was invalidated). Thus, the Court will also dismiss Plaintiff's claims for money damages.

. . . .

. . . .

---

[1] Plaintiff should take note that before a federal court may grant habeas relief to a state petitioner, the petitioner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). An Arizona petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the Arizona Supreme Court. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute). To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). The failure to exhaust subjects the petition to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

## V. Dismissal Without Leave to Amend

Because Plaintiff has failed to state a claim, the Court will dismiss the Complaint. "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (quoting *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296–97 (9th Cir. 1990)); *see also Lopez*, 203 F.3d at 1130 (leave to amend should be granted unless a pleading "could not possibly be cured by the allegation of other facts"). Here, there are no allegations consistent with the Complaint that would cure the deficiencies in Plaintiff's claims. The Court finds further leave to amend would be futile. *See Corinthian Colleges*, 655 F.3d at 995. Therefore, the Court, in its discretion, will dismiss Plaintiff's Complaint without leave to amend.

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed In Forma Pauperis (Doc. 2) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff must pay the $350.00 filing fee and is assessed an initial partial filing fee of $60.10.

(3) The Complaint (Doc. 1) is **dismissed** for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1), and the Clerk of Court must enter judgment accordingly.

(4) The Clerk of Court must make an entry on the docket stating that the dismissal for failure to state a claim may count as a "strike" under 28 U.S.C. § 1915(g).

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(5) The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rules of Appellate Procedure 24(a)(3)(A), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis.

Dated this 9th day of November, 2026.

James A. Teilborg
Senior United States District Judge